IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Lifestyle Realty, LLC<br>d/b/a Donna Kerr Group, | *<br>*<br>* | |
| Plaintiff/Counter-Defendant, | *<br>* | |
| v. | *<br>* | Civil Action No. MJM-23-629 |
| Susan Kirn *et al*., | *<br>*<br>* | |
| Defendants/Counter-Plaintiffs. | *<br>* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

On November 15, 2023, the Court held a discovery dispute hearing to address "the Motion to Quash Plaintiff's Subpoenas *duces tecum* to Verizon Communications and T-Mobile US, Inc." ("Motion") filed by Defendants/Counter-Plaintiffs Susan Kirn and Natalie Perez, and Defendants, Robin Goelman and Maura Fitzgerald (collectively, the "Individual Defendants"). (ECF No. 40). The Court has reviewed Individual Defendants' Motion and the following pleadings related thereto: (1) the "Opposition to Defendants' Motion to Quash Subpoenas *duces tecum* to Verizon and T-Mobile" (ECF No. 43), filed by Plaintiff Lifestyle Realty, LLC, d/b/a Donna Kerr Group; and (2) the Individual Defendants' "Reply Memorandum in Support of the Motion to Quash Plaintiff's Subpoenas *duces tecum* to Verizon Communications and T-Mobile US, Inc." (ECF No. 46).

Also during the hearing, the Court addressed: (1) Plaintiff's Letter Request to file a motion for discovery sanctions (ECF No. 51); (2) Defendant's response thereto (ECF No. 56); and (3) the parties' Joint Status Report (ECF No. 48).

During the discovery dispute hearing, the Court entertained argument, where necessary,

and issued its rulings related to the five categories of documents sought by Plaintiff from Non-parties Verizon Communications ("Verizon") and T-Mobile US Inc. ("T-Mobile") (ECF No. 58).

For the reasons articulated on the record during the hearing, it is hereby **ORDERED** that:

1. By separate order, the parties shall submit attestation orders by no later than **November 28, 2023**.

2. Effective immediately, for every meet and confer session in which the parties engage to discuss discovery disputes, the parties shall have a court reporter present to transcribe their conversations. The parties shall equally split the cost of all of the court reporter's fees.

3. Individual Defendants' Motions to Quash, ECF No. 40, and Plaintiff's opposition to the motion to quash, ECF No. 43, are **GRANTED IN PART and DENIED IN PART**, as set forth below. Accordingly, if the Court denied Plaintiff's request, Verizon and T-Mobile shall produce responsive documents as described herein.

   REQUEST NUMBERS:

   **(1) DENIED.** Verizon and T-Mobile are to produce the documents sought in Request No. 1, namely: All documents, including but not limited to subscriber information, cell phone detail records, billing records, usage for outgoing and incoming calls and text message details since January 2021, associated with the telephone numbers: (a) 301-332-2036; (b) 240-277-3165; (c) 434-465-2912.

   **(2) DENIED.** Verizon and T-Mobile are to produce the documents sought in Request No. 2, namely: All documents, including but not limited to

2

subscriber information, cell phone detail records, billing records, usage for outgoing and incoming calls and text message details since January 2021, for all accounts associated with the names: (a) Robin Goelman; (b) Susan Kirn; (c) Maura Fitzgerald.

(3) **DENIED IN PART, GRANTED IN PART**: The Court finds the current date range appropriate and consistent with Fed. R. Civ. P. 26(b). However, as currently drafted, the language runs afoul of Fed. R. Civ. P 26(b)(1) and Fed. R. Civ. P. 45(d)(3)(A)(iii). Accordingly, the Court orders the parties to meet and confer and work together to draft revised language, which the Court will review. By no later than **December 18, 2023,** the parties shall provide their proposed revised language in a Joint Status Report (JSR).

(4) **DENIED IN PART, GRANTED IN PART**: The Court finds the current date range appropriate and consistent with Fed. R. Civ. P. 26(b). However, as currently drafted, the language runs afoul of Fed. R. Civ. P 26(b)(1) and Fed. R. Civ. P. 45(d)(3)(A)(iii). Accordingly, the Court orders the parties to meet and confer and work together to draft revised language, which the Court will review. By no later than **December 18, 2023,** the parties shall provide their proposed revised language in a JSR.

(5) **DENIED.** Verizon and T-Mobile are to produce the documents sought in Request No. 5, namely: Document retention and/or destruction policies as they pertain to any of the documents and/or information requested in the Subpoena.

4.  The aforementioned JSR shall also include: (1) an update on the parties' meet and confer efforts, resulting in a joint proposal for the number of requests for production of documents and interrogatories that each party will be allowed to propound; (2) a joint proposal of dates for the Scheduling Order; and (3) the outcome of the parties' meet and confer efforts to resolve the issues raised in ECF No. 51.

5.  Plaintiff's Letter Request to file a motion for discovery sanctions, ECF No. 51, is **DENIED**. It is prematurely filed, in light of the Court's ruling in 4., *supra*.

Date: November 16, 2023

/s/
The Honorable Gina L. Simms
United States Magistrate Judge