THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LIFESTYLE REALTY, LLC,<br>d/b/a Donna Kerr Group<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>SUSAN KIRN, *et al.*,<br><br>Defendants / Counter-Plaintiffs. | Civil Action No. 8:23-cv-00629-MJM |

## JOINT STATUS REPORT

On November 16, 2023, the Court entered an Order as ECF No. 60, directing the parties to, among other things, meet and confer in the presence of a court reporter regarding: (1) Request Nos. 3 & 4 in Plaintiff's subpoenas to Verizon Communications and T-Mobile US Inc. ("Subpoenas"); (2) a joint proposal for the number of requests for production of documents and interrogatories that each party will be allowed to propound; (3) a joint proposal of dates for a Scheduling Order, and; (4) the issues raised in Plaintiff's letter request to file a motion for discovery sanctions in ECF No. 51. That Order further directs the parties to file a Joint Status Report by December 18, 2023, with the outcome of these meet and confer efforts.

Following the Order, undersigned counsel for Plaintiff Lifestyle Realty LLC d/b/a Donna Kerr Group ("Plaintiff"), Defendants Susan Kirn, Natalie Perez, Robin Goelman, and Maura Fitzgerald (collectively "the Individual Defendants") and Defendant Compass DMV, LLC ("Compass") exchanged emails and participated in a meet and confer session in the presence of a court reporter on December 14, 2023, which efforts resulted in the resolution of some, but not all,

1

of the discovery disputes.[1]  Consistent with the Court's Order, undersigned counsel report as follows:

1. **<u>Subpoena Requests Nos. 3 & 4</u>**

The Court "order[ed] the parties to meet and confer and work together to draft revised language, which the Court will review" for Requests Nos. 3 & 4 in Plaintiff's Subpoenas to Verizon Communications ("Verizon") and T-Mobile US Inc. ("T-Mobile"), which the Court determined are overbroad and likely to capture privileged communications.  In meet and confer exchanges, counsel for the parties agreed that Plaintiff shall be responsible for any costs charged by the carrier.  They further agreed that, in their experience, Verizon and T-Mobile do not run ESI search terms or otherwise cull text messages for relevance and/or privilege; any culling for overbreadth and privilege will have to be done by the parties.  However, the parties disagree upon the process for such culling.  The respective proposals are set forth below:

*Plaintiff's proposal*

The wording of Requests Nos. 3 & 4 shall remain as-is and Verizon and T-Mobile shall produce the documents in response to the Subpoenas to counsel for Plaintiff, but thereafter the parties shall proceed as follows:

- Counsel for Plaintiff shall not access or review the documents.  Counsel for Plaintiff shall provide the documents only to an outside vendor.

- The outside vendor shall run the list of search terms attached as **Exhibit A** and produce documents responsive to those terms as follows:

    o (i) responsive documents dated from January 1, 2021 to July 5, 2022 (<u>i.e.</u>, before the Individual Defendants retained counsel, per their amended

---

[1] A copy of the transcript of the December 14, 2023 meet and confer will be filed with the Court.

- privilege log provided on December 12, 2023), inclusive, shall be produced to both counsel for Plaintiff and counsel for Individual Defendants;
  - (ii) responsive documents dated since July 6, 2022 (i.e., since Individual Defendants retained counsel, per their amended privilege log provided on December 12, 2023), shall be produced to counsel for the Individual Defendants only, so that he may withhold privileged documents.
- Counsel for the Individual Defendants shall produce to counsel for Plaintiff all non-privileged documents received from the vendor, along with a privilege log consistent with the Federal Rules, within thirty (30) days of receipt of the productions. Plaintiff opposes the Individual Defendants' request below for sixty (60) days. Sixty (60) days is unjustified; the Federal Rules contemplate the exchange of discovery in thirty (30) days, including in Fed. R. Civ. P. 34. These proceedings should not be unnecessarily delayed.
- Any confidentiality designations shall be handled per the Stipulated Protective Order entered in the case.
- Plaintiff does not agree to counsel for the Individual Defendants being the arbiter of relevance; Plaintiff's position is that ESI search terms should be used. The Individual Defendants have refused to entertain the concept of using ESI search terms, but Plaintiff has shared a proposed list in any event and is happy to meet and confer regarding the list should Defendants reconsider.

*Individual Defendants' proposal*

- Verizon and T-Mobile shall produce the documents in response to the Subpoenas to counsel for the Individual Defendants, and counsel shall notify the parties when the documents

3

are received. Given their friendship of the fact that their communication frequently alternate between topics even in the same text conversations, including sensitive family topics, the Individual Defendants believe it is more than likely that sensitive communications which would offend Rule 26 (b) would be produced to the Plaintiff even by a vendor using search terms.

- The Individual Defendants have been presented with a list of 173 search terms instead of the original 100 search terms agreed to previously by the parties. The Individual Defendants believe that this would produce communications unrelated to claims and defenses raised in the litigation. In addition, the Individual Defendants object to the July 6, 2022 date as proposed by the Plaintiff for privilege. They contend that July 1, 2022 is the first date that the Individual Defendants anticipated litigation and the first date the privileged communications could have occurred.

- Within sixty (60) days of receipt of the text messages counsel for the Individual Defendants shall review the produced text messages to determine whether or not a document is privileged or confidential. If a document or communication is privileged or confidential, it will be noted in a privilege log. Again, discovery has commenced so the 60 days is reasonable.

- Also, to satisfy the Rule 26(b)(1), a communication shall be produced if it is related to a claim or defense in this litigation. Documents which contain communications which are not related to a claim or defense in this litigation will be redacted, including personal and family communications. Any documents redacted will be identified in a relevance log.

- At the time of production of the texts within sixty (60) days of receipt, counsel for the Individual Defendants shall produce a privilege log for privileged docs under Rule 45, and a relevance log under Rule 26(b).

2. **Joint Proposal For Permissible Number of Discovery Requests:**

The parties agreed upon a joint proposal for the number of requests for production of documents and interrogatories that each party will be allowed to propound, and to the number of expert depositions, as follows:

Plaintiff shall be permitted to serve 25 interrogatories directed to Compass, and 24 interrogatories directed to Individual Defendants collectively, individually, or in any combination (for a total of 49 interrogatories directed at Defendants). Plaintiff shall be permitted to serve 30 requests for production of documents ("RFPs") directed to Compass, and 28 RFPs directed to Individual Defendants collectively, individually, or in any combination (for a total of 58 RFPs directed at Defendants).

Compass shall be permitted to serve 25 interrogatories directed to Plaintiff and the Individual Defendants shall be permitted to serve 25 interrogatories directed to Plaintiff (for a total of 50 interrogatories directed to Plaintiff). Compass shall be permitted to serve 30 RFPs directed to Plaintiff and the Individual Defendants shall be permitted to serve 30 RFPs directed to Plaintiff (for a total of 60 interrogatories directed to Plaintiff).

The parties agree that a 7-hour deposition of each opposing expert witness should be permitted.

The parties agree that each party reserves the right to seek leave for additional discovery should the need arise.

However, the parties do not agree upon the depositions of fact-witnesses and their respective proposals are as follows:

*Plaintiff's proposal:*

This case involves one Plaintiff, five Defendants, and about 25 DKG clients and leads that Plaintiff alleges that the Defendants conspired together to steal from DKG. The Individual Defendants have a common interest and their defense will overlap with the defense of Defendant Compass. Plaintiff anticipates taking day-long depositions of each of the five Defendants. Plaintiff anticipates potentially taking short depositions of some of the 25 or so aforementioned third parties.

The Rules contemplate that each party may take 10 depositions limited to 7 hours each, which contemplates 70 deposition hours per party. Because Plaintiff contemplates several short depositions of third parties, it makes sense to speak in terms of deposition hours, instead of depositions.

Plaintiff requests the following relief with respect to depositions:

- Plaintiff seeks leave to take 61 hours of depositions of fact, which is the 70 contemplated by the Rules, less the 9 hours of deposition that Plaintiff already took in State court.

- Plaintiff asks the Court to limit all Defendants, collectively, to 70 deposition hours for fact witnesses. Plaintiff asked Defendants to identify the persons or categories of fact witnesses that Defendants intend to depose. Defendants have identified only Plaintiff, despite the detailed nature of Plaintiff's pleadings, the nature of Plaintiff's allegations, the materials supplied by Plaintiff as part of the mediation process relating to the transactions, clients, and leads at issue, and the fact that the Individual Defendants were Plaintiff's employees and/or agents. The Individual Defendants have a common interest and their defense will overlap with the defense

      of Defendant Compass. Yet, Defendants ask for 140 (one hundred and forty) deposition hours for fact-witnesses in their proposal below. Defendants should be limited to 70 hours for fact-witnesses, collectively, especially given that they identify Plaintiff as the sole fact-witness and that they will reserve the right to move for additional discovery should the need arise.

- Plaintiff asks the Court to order Defendants to schedule common deponents on the same day. Defendants have agreed only to use "best efforts."

*Defendants' proposal:*

Federal Rule of Civil Procedure 30 only contemplates each party taking up to ten depositions, lasting up to a duration of one day (seven hours), each, without seeking leave from the Court or stipulation by the parties. Rule 30 does not contemplate that depositions should be unlimited in quantity as proposed by the Plaintiff. Defendants have conferred with Plaintiff and have stated their position that it is reasonable for the parties and efficient for the Court if the parties simply follow Rule 30. Under this proposal, Plaintiff could take up to ten (10) depositions; Defendant Compass could take up to ten (10) depositions; and Individual Defendants have agreed to group their depositions collectively, giving them up to ten (10) depositions. After a party exhausts its 10 depositions, it can then seek leave of court for additional depositions upon good cause consistent with federal law.

There are several reasons why the parties should adhere to the procedure set out in Federal Rule 30. As a threshold matter, Plaintiff, while this case was in state court, took discovery from the individual defendants and third parties, when Compass was not a named party. Defendants have not taken discovery, either because they were not a party to the case (Compass) or were trying to settle with Plaintiff. Plaintiff now intends to amend her complaint a third time. As this

amendment has not been agreed to or granted by the Court, Defendants ultimately do not know which claims they will have to defend against. In her portion of this section, Plaintiff claims that "Defendants only identified Plaintiff, despite the detailed nature of Plaintiff's pleading" for depositions, but this is a mischaracterization. Defendants have not begun their discovery and do not yet know which persons they should or could depose. Plaintiff's several complaints do not reveal, for example, which of her employees or associates may have knowledge relevant to the claims. Moreover, Plaintiff continues to move the target by amending her Complaint to add additional properties and individuals. Defendants reasonably have not had a clear picture of the individuals and claims involved, as they continue to change. Further, while the Individual Defendants and Compass do have some commonality, Plaintiff has pled different causes of actions against Defendants.  Some claims are only pled against the Individual Defendants.  Also, two of the Individual Defendants have cross-claims against the Plaintiff. Thus, there are a number of areas and disputed issues where the Defendants' interests and responses will diverge completely. Lastly, Plaintiff claims that this case involves "25 DKG clients and leads," but this argument and not fact. Many of those persons Plaintiff is alleging could not reasonably be said to be DKG clients or "leads" and thus, Plaintiff seeks to take a number of micro-depositions that would require the parties to inefficiently expend time and resources.

Rather than allot depositions based on Plaintiff's hours calculation which is inconsistent with Rule 30, Defendants believe it is fair as well as efficient for the Court to order the following practice with respect to depositions:

- To order that Plaintiff and Defendant Compass may take up to 10 individual depositions, lasting up to seven hours each, per FRCP 30.

- To order that the individual Defendants may collectively take up to 10 individual depositions, lasting up to seven hours each, per FRCP 30.
- Defendants agree to make best efforts to schedule common deponents on the same day.
- Permit parties to seek leave of court for additional depositions should the need arise, per FRCP 30.

This formulation would ensure the parties start off on a level field and would still permit the parties to request additional depositions should good cause warrant it.

### 3. **Joint Proposal For Scheduling Order:**

While the parties were able to agree on some of the contours of a joint schedule, they were not able to agree on: (i) the date of commencement of fact discovery, (ii) the duration of the period for fact discovery period, and (iii) whether or not initial disclosures should be exchanged. Their respective positions are as follows:

*Plaintiff's proposal:*

Plaintiff's position is that a Scheduling Order should be entered and discovery should commence immediately. This case has been pending for a year and a half; it was filed in State court in July 2022, and was removed to this Court in March 2023. No discovery has occurred in the nine months this case has been pending in this Court. Further delay in commencement of discovery is unnecessary and unjustified.

Defendants argue that discovery should not commence yet in light of Plaintiff's letter request to seek leave to file a Third Amended Complaint. However, amendment of a pleading does not justify forestalling discovery. Moreover, Plaintiff's Third Amended Complaint almost entirely amends the causes of action; there are almost no amendments to the factual allegations.

In other words, Plaintiff seeks to amend its legal theories, which should have no impact on fact-discovery.

Plaintiff has asked Defendants for months whether they will consent to Plaintiff's motion for leave to file the Third Amended Complaint and, in an effort to resolve the dispute, even provided Defendants' with a copy of the proposed amendment on December 5, 2023. To date, Defendants have withheld consent, while at the same time taking the position that no discovery should proceed until the operative pleading is determined.

Plaintiff's position is that four (4) months is sufficient for fact-discovery. While Defendants couch their request as a request for six (6) months, their request below seeks almost seven (7) months when factoring in the time they set aside for initial disclosures. While Plaintiff alleges that Defendants have stolen multiple clients and leads of Plaintiff and asserts several legal theories of liability, this case is not complex and Defendants hold most of the relevant information and documents. While there are multiple defendants, they acted in concert. Moreover, the Individual Defendants had plenty of opportunity to commence discovery in State court. Their decision to propound no discovery to date should not prolong these proceedings or otherwise prejudice Plaintiff. There is no reason why fact discovery cannot be completed in four months. To the extent an extension is needed on account of a discovery dispute that arises or otherwise, the parties can seek one if and when the need arises.

Plaintiff's position is that initial disclosures are unnecessary here and serve only to further delay the proceedings. The parties have already exchanged their positions on damages and otherwise, including in connection with their mediation session with Judge Quereshi. Defendants hold most of the relevant information, and the information exchanged in Rule 26(a)(1)(A) disclosures may be exchanged via interrogatories.

For the foregoing reasons, Plaintiffs propose the following schedule:

    a.    <u>Commencement of Fact Discovery</u>:  ASAP

    b.    <u>Completion of Fact Discovery:</u>  Four (4) months from the date of Scheduling Order

    c.    <u>Proponents' Fed. R. Civ. P. 26(a)(2) Expert Disclosures</u>:  Thirty (30) days from the date of completion of fact discovery

    d.    <u>Opponents' Fed. R. Civ. P. 26(a)(2) Expert Disclosures:</u>  Thirty (30) days from service of proponents' expert disclosures

    e.    <u>Rebuttal Fed. R. Civ. P. 26(a)(2) Expert Disclosures</u>:  Thirty (30) days from service of opponents' expert disclosures

    f.    <u>Completion of Expert Depositions/Discovery</u>:  Thirty (30) days from service of the rebuttal expert disclosures.

    g.    <u>Deadline for Briefing Schedule For Dispositive Motions Per L.R. 105.2</u>:  Thirty (30) days from service of the rebuttal expert disclosures.

    h.    <u>Deadline for Propounding Requests for Admission:</u>  Fifteen (15) days from date of completion of expert depositions/discovery

    i.    <u>Dispositive Motions</u>.  Sixty (60) days from date of completion of expert depositions/discovery.

*Defendants' proposal:*

Plaintiff's proposal of only four (4) months of fact discovery is not reasonable, particularly in light of its request for the unlimited number of depositions.  Whether or not the Court grants Plaintiff leave to file a Third Amended Complaint, Defendants have to defend against at least ten claims.  Also, two of the individual defendants have cross-claims against Plaintiff.  Given the

complexity of this case and the extensive discovery necessary to prosecute and defend against these claims, including the number of depositions that Plaintiff alone wants to take, this is not a case that can be rushed through quickly as Plaintiff apparently would like without prejudicing the parties. At a bare minimum, six (6) months of fact discovery is necessary. Thus, during the parties recent meet and confer, Defendants proposed the following schedule:

*Defendant's Proposed Joint Discovery Schedule:*

i. **Exchange of Initial Disclosures:** Twenty-one (21) days from the issuance of the scheduling order.

ii. **Commencement of Fact Discovery:** Date that the Order resolving Plaintiff's Motion to Amend the Complaint for the third time is entered.

iii. **Completion of Fact Discovery:** Six (6) months from the date of the Scheduling Order with the parties reserving the right to request for additional time upon good cause.

iv. **Joint Discovery Status Report Due:** Six (6) months from the date of the Scheduling Order.

v. **Proponents' Fed. R. Civ. P. 26(a)(2) Expert Disclosures:** Thirty (30) days from the date of completion of fact discovery.

vi. **Opponents' Fed. R. Civ. P. 26(a)(2) Expert Disclosures:** Thirty (30) days from service of proponents' expert disclosures.

vii. **Rebuttal Fed. R. Civ. P. 26(a)(2) Expert Disclosures:** Thirty (30) days from service of opponents' expert disclosures.

viii. **Completion of Expert Depositions/Discovery:** Thirty (30) days from service of the rebuttal expert disclosures.

ix. **Deadline for Briefing Schedule for Dispositive Motions per L.R. 105.2:** Thirty (30) days from service of the rebuttal expert disclosures.

x. **Deadline for Propounding Requests for Admission:** Fifteen (15) days from date of completion of expert depositions/discovery

xi. **Dispositive Motions:** Sixty (60) days from date of completion of expert depositions/discovery.

Defendants believe that starting with an exchange of initial disclosures in this case is both reasonable and necessary. Defendants request twenty (21) days, not the month Plaintiff suggests for the parties to put this information together. This will enable the parties to conduct discovery more efficiently as each party will identify those persons they maintain have relevant information to the claims and defenses as well as identify those categories of document that they believe are relevant to their claims and defenses.

Also, it is inaccurate for Plaintiff to maintain, as she does above, that the Individual Defendants had "plenty of opportunity to commence discovery in State Court." This discounts the fact that, Compass was not a party to the original action in State Court and has conducted no discovery. Once Compass was added as a party, Compass removed the case to this Court. Under the Court's Local Rule 104.4, neither Compass nor any party was able to conduct any discovery after removal until the Court issued a Scheduling Order. Further, Plaintiff's counsel's own statements above suggest a complicated discovery process that cannot be achieved realistically in four (4) months. This is not a single claim, single plaintiff case with limited depositions. In fact, if Plaintiff's suggested approach were used, it would almost certainly mandate scheduling up to 30 depositions of fact witnesses on her side alone, not accounting for Defendants' scheduling of depositions. During this time, the parties would simultaneously be collecting documents,

reviewing documents, preparing responses, and sending responses. Plaintiff's discovery practice has already involved third-party subpoenas, resulting in discovery disputes. Plaintiff's contention that "Defendants hold most of the relevant information and documents" is a half-truth: Plaintiff almost certainly has relevant documents critical to the defense that she has yet to produce or turn over. Further, given the complexity of the claims and disputed fact issues in this case, it is not unrealistic to think that the parties may continue to have discovery disagreements that must be resolved during the pendency of discovery.

Put simply, this is not a straightforward case. The mere fact that this case involves five parties and (at this point) ten claims would support discovery lasting reasonably up to nine (9) months. In an effort to compromise with Plaintiff, the Defendants have offered a bare minimum six (6) month period for fact discovery with the opportunity to request additional time should the need arise (for example, additional depositions). Anything less than that is not realistic and would prejudice the parties in the prosecution and defense of the claims.

In addition, Defendants maintain that discovery should only commence after they know which claims they will be facing. Plaintiff has already amended her complaint twice. Defendants did not "know for months" what amendments Plaintiff proposed. While Plaintiff informed Defendants on September 5, 2023 that she intended to amend her complaint again, Plaintiff sent the proposed amendments months later-in December 2023. Defendants first received a copy of Plaintiff's proposed Third Amended Complaint on December 5, 2023. Defendants could therefore not consent to amendments that they were not aware of. During the meet and confer on December 14, 2023, Defendants requested more time to review the proposed amendments. At no time did Defendants' counsel decline to propose dates for a conference with the Court. However, now after reviewing the proposed amendments, Defendants will oppose Plaintiff's motion for leave for file

a Third Amended Complaint. Defendant Compass has answered the Second Amended Complaint. The new claims that Plaintiff proposes to add could, most certainly have been pled in her earlier complaints and Plaintiff cannot establish good cause for the delay. Also, these are claims that are largely duplicative of others in the Second Amended Complaint and only further delay the start of discovery. There is nothing preventing Plaintiff from simply proceeding to discovery by dropping her proposed amendments, considering that in Plaintiff's Second Amended Complaint she already has ten causes of actions

**Issues In ECF No. 51 (Plaintiff's Request To File Motion For Discovery Sanctions)**

The results of the parties' meet and confer session on the four forms of relief that Plaintiff indicated it seeks leave to move for with a motion for discovery sanctions (ECF #51) are as follows:

**Plaintiff's position**

Issue #1 - an adverse inference instruction as a remedy for Defendant Natalie Perez wiping the entire contents of a Plaintiff-issued laptop:

RESULT: NO RESULTION. Plaintiff reiterates its request to file a motion. That motion will attach emails establishing that Perez reasonably anticipated litigation before she wiped the laptop, including emails among Defendants where they discuss retention of counsel. When the party alleging spoliation shows that the other party acted willfully in failing to preserve evidence, the relevance of that evidence is presumed in the Fourth Circuit." Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 532 (D. Md. 2010).

Issue #2 - an order directing the Individual Defendants to produce un-redacted versions of all non-privileged communications that are responsive to the agreed-upon ESI search terms as required by the Court's June 13, 2023 Order by producing.

RESULT: NO RESULTION. Plaintiff reiterates its request to file a motion. The Individual Defendants redacted documents containing agreed-upon ESI search terms based on "relevance" contrary to the Order. They produced no redaction log. The carriers' production in response to Plaintiff's subpoenas does not remedy the failure of the Individual Defendants for several reasons. First, the Individual Defendants' relevancy redactions are not limited to text messages; they also include "chats." Second, it is yet unclear whether, to what extent, and/or for what time periods the carriers will produce the subpoenaed text messages. Third, the Individual Defendants had a court-ordered obligation to produce the discovery irrespective of what third-party carriers produce. Fourth, Plaintiff is entitled to an opportunity to compare differences between the Individual Defendants' and the carriers' productions.

Issue #3 - *in camera* review of all communications among the Individual Defendants that include no attorney, but that the Individual Defendants are nonetheless withholding on the grounds of a joint defense agreement and/or attorney-client privilege, per a vague and inadequate privilege log:

RESULT: WITHDRAWN, without prejudice, based on the Individual Defendants providing an amended privilege log on December 12, 2023.

Issue #4 - an order directing the Individual Defendants to reimburse DKG for the reasonable attorneys' fees and costs it incurred in connection with Perez's spoliation and Plaintiff's motion.

RESULT: NO RESULTION. Plaintiff reiterates its request to file a motion.

<u>Individual Defendant's position</u>

Issue #1 – Plaintiff seeks an adverse inference instruction as a remedy for Defendant Perez's laptop. Plaintiff now rescinds her previous contention that the laptop was returned after

speaking to counsel. Ms. Perez does not believe that the Plaintiff meets the elements required for an adverse inference instruction. Additionally, the request is premature as discovery has not commenced and needs to be taken on the necessary issues, including the anticipation of litigation, the actions of Ms. Perez, and whether any relevant information was actually lost.

Issue #2 – Plaintiff seeks an order to compel the Individual Defendants produce un-redacted versions of all non-privileged communications that are responsive to the agreed-upon ESI search terms, even if those communications do not relate to the litigation. The June 13, 2023 Order did not order production of all communications between the Individual Defendants which did not relate to the litigation and did not contain search terms, nor were such communications ever requested by the Plaintiff.

This issue is easily remedied. The parties agree that most, if not all, of these disputed documents are text communications between the Individual Defendants that fall into the scope of production by the cell carriers; indeed, these disputed communications will be produced pursuant to the subpoenas. Counsel for the Individual Defendants has already agreed to review the texts, redact the texts appropriately under the Federal Rules, and produce the texts and privilege/relevance logs for those texts. The Individual Defendants should not have to perform this action twice, which is duplicative and unnecessary.

The Individual Defendants agree to review disputed documents which are not text communications and produce a redacted document, if appropriate or necessary, along with a relevance log. Similarly, if a text communication identified on Plaintiff counsel's September 12, 2023 letter identifying the disputed documents is not produced pursuant to the subpoenas, then the same action will be performed for those unproduced communications.

Issue #3 - Individual Defendants provided an amended privilege log on December 12, 2023, and this issue has been withdrawn.

Issue #4 – The Individual Defendants do not believe an award of attorney's fees is proper.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.

| | |
|---|---|
| */s/ Glenn C. Etelson* | /s/ *Michael J. Murphy* |
| Glenn C. Etelson, Bar No. 06760 | Michael J Murphy, D. Md. No. 22628 |
| getelson@shulmanrogers.com | Patrick Thomas Wilson, D. Md. No. 21592 |
| Shirley M. Steinbach, Bar No. 20038 | Christopher Reilly, (*Pro Hac Vice*) |
| ssteinbach@shulmanrogers.com | Ogletree Deakins Nash Smoak and Stewart PC |
| Victoria Tinker, Bar No. 30675 | 1909 K Street, N.W., Suite 1000 |
| vtinker@shulmanrogers.com | Washington, DC 20006 |
| 12505 Park Potomac Avenue, Sixth Floor | 12028870855 |
| Potomac, MD 20854 | Fax: 12028870866 |
| (301) 230-5200 | Email: michael.murphy@ogletreedeakins.com |
| (301) 230-2891 | Email: patrick.wilson@ogletreedeakins.com |
| *Attorneys for Plaintiff* | Email: Christopher.reilly@ogletreedeakins.com |
| | *Attorneys for Defendant Compass* |

*/s/ Jerry W. Hyatt*
Jerry W. Hyatt, #16003
27 Wood Lane
Rockville, MD 20850
T: 301-272-9955
F: 301-272-9960
jerry@jerryhyattlaw.com

*Attorney for Co-Defendants Susan Kirn, Natalie Perez, Robin Goelman, and Maura Fitzgerald.*