

**GLENN C. ETELSON | ATTORNEY AT LAW**
T (301) 231-0956  E getelson@shulmanrogers.com

March 15, 2024

<u>Via CM/ECF</u>
Magistrate Judge Gina L. Simms
U.S. District Court for the District of Maryland

  Re: *Lifestyle Realty, LLC d/b/a Donna Kerr Group v. Susan Kirn, et al.*
    Civil Action No. 8:23-cv-00629-MDM
    Request for Conference & Notice of Intent to File Motion

Dear Judge Simms:

  As counsel for Plaintiff Lifestyle Realty, LLC d/b/a Donna Kerr Group ("DKG"), I write to request a conference with Your Honor to discuss the open issues that are addressed in the Joint Status Report that the parties filed at the Court's directive on December 18, 2023, and for leave to file a motion addressing such open issues. The open issues addressed in that JSR are as follows.

### 1. Request Nos. 3 & 4 of the Subpoenas to Verizon and T-Mobile

  On July 7, 2023, DKG served subpoenas on Verizon Communications and T-Mobile US, Inc. ("Subpoenas"). ECF 44 & 45. Defendants Susan Kirn, Natalie Perez, Robin Goelman, and Maura Fitzgerald (the "Individual Defendants") moved to quash those Subpoenas. ECF 40-43, 46. On November 15, 2023, after the motions were ripe, Your Honor held a telephonic discovery dispute conference on the subject. ECF 53.

  Your Honor "order[ed] the parties to meet and confer and work together to draft revised language, which the Court will review" for Request Nos. 3 & 4 of the Subpoenas. <u>See</u> ECF 60 at pp. 2-3 ¶¶ 3(3)-(4). Your Honor directed that "[b]y no later than December 18, 2023, the parties shall provide their proposed revised language in a Joint Status Report (JSR)." <u>Id.</u> The parties met and conferred in the presence of a court reporter consistent with the Court's Order, but were unable to agree on proposed language. ECF 70.

  On December 18, 2023, the parties filed the JSR as ordered by the Court, setting forth their respective proposals with respect to Request Nos. 3 & 4 of the Subpoenas. ECF 68 at pp. 2-4. To bring this issue to resolution, as there is no longer a motion pending, DKG hereby requests a conference with the Court.

### 2. Motion for Discovery Sanctions (Adverse Inference & To Compel Discovery)

  On October 24, 2023, DKG filed a Notice of Intent to File Motion for Discovery Sanctions asking for relief from discovery-related misconduct by the Individual Defendants. ECF 51 ("Notice"). On November 3, 2023, the Individual Defendants filed a Response as directed by the Court. ECF 51-52 & 56.

At the telephonic discovery dispute conference on November 15, 2023, Your Honor ordered the parties to engage in a further meet and confer effort in an attempt to resolve the issues raised by DKG in its Notice, and to include the outcome of those efforts in the JSR that it direct to be filed by December 18, 2023.  See ECF 60 at p. 4 ¶¶ 4-5.  The parties met and conferred in the presence of a court reporter consistent with the Court's Order.  ECF 70 (transcript of meet and confer).  As set forth in the JSR, the Individual Defendants cured one of the four issues raised by DKG to DKG's satisfaction.  ECF 68 at pp. 15-18.

However, three of the four issues remain unresolved.  Id.  DKG maintains it is entitled to: (i) an adverse inference instruction as a remedy for Defendant Perez wiping the entire contents of a DKG-issued laptop after Perez anticipated litigation; (ii) an order directing the Individual Defendants to comply with the Court's June 13, 2023 Order by producing ***un-redacted*** versions of all non-privileged communications that are responsive to the agreed-upon ESI search terms, and; (iii) the reasonable attorneys' fees and costs it incurred in connection with the aforementioned spoliation and violation of the Court's Order.

In the JSR, DKG "reiterate[d] its request to file a motion" with respect to each of these three unresolved issues.  ECF 68 at pp. 15-16.  DKG files this correspondence to ensure its request is squarely before the Court.

**3. Scheduling Order**

DKG seeks leave to file a motion for entry of a Scheduling Order, as this case was filed in State Court in July 2022, and has been pending in this Court for over a year.  ECF 1.

Each Defendant has filed an Answer.  The Individual Defendants filed an Answer to the original complaint in State Court on January 13, 2023.  After Defendant Compass removed the case to this Court, it filed an Answer to the operative pleading, the Second Amended Complaint, on March 14, 2023.  ECF 14.  (That same day, the Individual Defendants asked to file a motion to dismiss the Second Amended Complaint. ECF 15.)

Discovery commenced in State Court and continued to some degree in this Court.  See, e.g., ECF 17 & 60.

Between June 1 and September 11, 2023, this case was effectively stayed to allow for early mediation.  ECF 27-28, 35, 38.  The parties agreed that any motions to dismiss would be "deferred until after the mediation session."  ECF 28.  They also agreed that, prior to the mediation, the Individual Defendants would produce to DKG "any responsive discovery not already produced. ECF 35 & 38.  Judge Chuang ordered the parties to file a Joint Status Report proposing next steps in the case, including next steps on discovery, within 14 days of the date of the mediation.  Id.  The mediation session was held in August, and was unsuccessful.  ECF 39, 47.

On September 11, 2023, following the unsuccessful mediation, the parties filed a Joint Status Report setting forth their varying positions on discovery, as directed by the Court .  ECF 48.  Notably, DKG took the same position then that it is taking now, six months later, i.e., hat "[d]iscovery should not be further delayed."  ECF 48 at p. 9.

2

On November 17, 2023, Your Honor held a discovery conference and ordered the parties to meet and confer again on discovery issues and proposed dates for a Scheduling Order, and to put the outcomes of those efforts in a JSR to be filed on December 18, 2023.  ECF 60 at pp. 1, 4.  As set forth in that JSR, the parties met and conferred, and agreed upon a joint proposal for the number of requests for production of documents and interrogatories that each party will be allowed to propound, the number of expert depositions, and some of the contours of a discovery schedule.  ECF 68 at pp. 5, 9.

However, as set forth in the JSR, the parties maintain differing views on the appropriate number of fact-witness depositions, the date of commencement of fact discovery, the duration of the fact discovery period, and whether initial disclosures are necessary or serve only to further delay these proceedings.  Id.  DKG respectfully requests leave to file a motion and/or requests a conference on these subjects so that an appropriate Scheduling Order may be entered and so that discovery can resume in earnest.

We hope that this summary of the history of the three open issues addressed in the JSR filed on December 18, 2023, is helpful.  We appreciate the Court's assistance and time.

<div style="margin-left: 50%;">

Respectfully submitted,

SHULMAN ROGERS, P.A.

_/s/ Glenn C. Etelson_
Glenn C. Etelson, Bar No. 06760
getelson@shulmanrogers.com
Shirley M. Steinbach, Bar No. 20038
ssteinbach@shulmanrogers.com

</div>

cc:   All counsel of record